IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20822
Conference Calendar

_____

JAVIER ORTIZ,

                                        Petitioner-Appellant,

versus

JANET RENO, U.S. Attorney General;
RICHARD V. CRAVENER, District Director
of the Houston District of the Immigration
& Naturalization Service,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-1229
--------------------
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Javier Ortiz, a permanent resident alien, appeals the dismissal of his habeas corpus petition for lack of jurisdiction. Ortiz sought habeas relief from a removal order issued pursuant to a proceeding instituted by the Immigration and Naturalization Service ("INS"). The INS instituted removal proceedings because Ortiz had been convicted of the aggravated felony of driving while intoxicated.

Without filing an administrative appeal with the Board of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration Appeals ("BIA"), Ortiz filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Parties are required to exhaust administrative remedies before challenging administrative actions in the courts. Haitian Refugee Ctr. v. Smith, 676 F.2d 1023, 1034 (5th Cir. 1982). Citing 8 U.S.C. § 1252(d), Ortiz argues that exhaustion is not required when the administrative remedy would be inadequate or ineffective. He contends that appealing to the BIA would have been futile because a prior decision by the BIA had foreclosed his only argument on appeal. However, Ortiz's reliance on this provision is misplaced. The statute expressly requires the exhaustion of administrative remedies before a district court would have jurisdiction to review Ortiz's habeas petition. Accordingly, this argument is without merit.

Ortiz also argues that he is not required to exhaust his administrative remedies because he is raising a constitutional objection. This is legally and factually frivolous because his brief raises no constitutional issue at all.

This appeal raises issues that are without arguable merit and is thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.